Tucker v. Gibson.

## T. P. TUCKER v. CHARLES E. GIBSON.

### No. 15,955.

TITLE AND OWNERSHIP—*Quitclaim Deed—Unrecorded Warranty Deed.* The rights of a purchaser by quitclaim deed held superior to those of the holder of a prior warranty deed which was not recorded.

Error from Greeley district court; CHARLES E. LOBDELL, judge. Opinion filed April 10, 1909. Affirmed.

*W. M. Glenn,* for the plaintiff in error.

*W. H. Russell,* and *Frank V. Russell,* for the defendant in error.

*Per Curiam:* The plaintiff, Gibson, holds the land in question under a quitclaim deed made after, but recorded before, a warranty deed to the defendant, Tucker, made by the same grantor. The plaintiff purchased in good faith, after exercising all reasonable diligence in making inquiries and in the examination of the records. It is conceded that the plaintiff had no notice of the outstanding unrecorded deed held by the defendant, unless it should be held that one Rhodes, who had such knowledge, was his agent in the purchase of the land.

The question, then, is whether Rhodes was in fact the plaintiff's agent. Upon an examination of the evidence it clearly appears that the plaintiff dealt with Rhodes as the owner of the land and made the purchase directly from him, although the naked legal title was in another, who executed the deed. In these circumstances Rhodes was not the agent of the plaintiff, but should be considered the vendor, in accordance with the understanding of the parties to the transaction.

The defendant, who failed to have his deed recorded or otherwise to give notice of his interest until after the plaintiff had completed his purchase, has no cause to complain of the judgment. (*Eger v. Brown,* 77 Kan. 510.)

The judgment is affirmed.